IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COMMERCIAL MONEY CENTER, INC., a corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| HOLSOMBECK MOTORS, INC., et al., | ) ) ) ) | 98-C-0506-S |
| Defendants. | ) | |

**MEMORANDUM OPINION GRANTING PARTIAL SUMMARY JUDGMENT
AGAINST THE HOLSOMBECK DEFENDANTS**

The Plaintiff Commercial Money Center, Inc. ("CMC") has moved for summary judgment against all of the defendants on all of its claims. The Defendant Terry Hamilton has filed a cross motion for summary judgment against the Plaintiff. The Court concludes that CMC's motion is due to be granted in part, and that Hamilton's motion is due to be denied.

I

The relevant material facts in this case, with respect to the Holsombeck defendants,[1] are without dispute. They are as follows.

---

[1] These include Holsombeck Motors, Inc., a corporation ("HMI"), and Regina Holsombeck, an individual, a/k/a Regina Holsombeck Hamilton.

1. CMC is in the business of buying used car paper in bulk from used automobile dealerships at a discount and then enforcing those accounts.

2. In October, 1997, CMC and HMI entered into a "Purchase Offer and Acceptance Agreement" (the "Agreement").

3. Pursuant to the Agreement, HMI sold certain vehicle retail installment contracts ("Automobile Receivables") to CMC, a list of which was included in the Agreement. The parties agreed that the aggregate principal balance of the receivables being sold would be $355,779.16 and that the purchase price would be 75% of that amount.

4. As a part of the transaction, HMI executed an "Assignment and Guaranty" with respect to each Automobile Receivable in which HMI warranted to CMC, among other things, that each Automobile Receivable represented a bona fide sale of a vehicle, that HMI had good title to the contract not subject to any interest, and that the Automobile Receivable constitutes a first lien on the vehicle sold to the consumer.

5. As part of the Agreement, HMI also agreed that if any of the Automobile Receivables went into default within sixty days of the date of the purchase, HMI would repurchase such Automobile Receivables.

6. As part of the Agreement, HMI warranted that it would deliver to CMC, among other things, "the original title or application for title."

7. CMC paid HMI by wire transfer a total of $266,834.37 for the Automobile Receivables listed in the Agreement.

8. After receiving the $266,834.37, HMI did not deliver to CMC any original certificates of title or applications on any of the vehicles.

9. CMC's failure to receive the certificates of title enabled the Defendants to repossess and dispose of the vehicles covered by the Automobile Receivables, all to the detriment of CMC.

10. All of the Automobile Receivables defaulted within sixty days of the purchase. CMC never received any of the first two payments due on any of the Automobile Receivables.

11. HMI has not honored its repurchase obligation on any of these contracts.

12. After HMI sold the Automobile Receivables to CMC, Defendants collected payments on some of these Automobile Receivables. HMI has forwarded to CMC only the amount of $7,843.12.

13. As of October 20, 1997, the aggregate unpaid balance on the contracts was $355,779.16.

14. Each of the Automobile Receivables provides that the unpaid balance due on each contract is to bear interest at the rate of 28% per annum.

3

15. As of June 20, 1999, CMC suffered $509,649.84 in damages caused by HMI's breach of contract.

II

Based on these undisputed facts, the Court concludes as a matter of law that HMI breached its contract with CMC. The Court also concludes as a matter of law that HMI and Regina Holsombeck, in her individual capacity, unlawfully converted CMC's property.

CMC is therefore entitled to judgment as a matter of law on these two claims. Compensatory damages in the amount of $509,649.84 were sustained by CMC as a proximate result of HMI's conversion and breach of contract.

The Court will award punitive damages in the amount of $250,000 – roughly half of the compensatory damages sustained by CMC. HMI's and Regina Holsombeck's wrongful conduct was egregious and arguably defiant of court orders entered in this case. A punitive damage award equal to half of the compensatory damages is an appropriate and necessary means of deterring similar misconduct by others. There is no evidence of HMI or Regina Holsombeck's financial resources.

III

There are disputed factual issues surrounding the fraud claim and the liability *vel non* of the Defendant Terry Hamilton. Summary judgment will therefore be denied on the fraud claim against the Holsombeck defendants and the claims against Terry Hamilton.

DONE this  26th  day of August, 1999.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON