IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**
FEB 29 2000
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| COMMERCIAL MONEY CENTER, INC., a corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| TERRY HAMILTON, an individual, | ) ) | 98-C-0506-S |
| Defendant. | ) ) | |

**ENTERED**
MAR 0 1 2000

**MEMORANDUM OPINION**

In August 1999, this Court previously granted Plaintiff, Commercial Money Center, Inc. ("CMC") a summary judgment on its claims against Defendants Holsombeck Motors, Inc. ("HMI") and Regina Holsombeck ("Holsombeck"). At the same time, the Court granted a partial summary judgment on some issues in favor of CMC and against Terry Hamilton ("Hamilton") but left open the issue of whether Hamilton's involvement was enough to make him jointly and severally liable for the liabilities that the Court imposed on both HMI and Holsombeck. After hearing the evidence, the Court concludes that Hamilton is jointly and severally liable.

I.

The relevant material facts in this case with respect to Hamilton are as follows:

1. The undisputed facts listed in this Court's Memorandum Opinion of August

26, 1999, are incorporated herein by reference.

    2. Acting in concert, both Holsombeck and Hamilton in or about August of 1997 participated in the creation of a fraudulent appraisal report on certain real property owned by Holsombeck and located in Walker County.

    3. That fraudulent appraisal shows on its face that the property is worth $1,600,000 and that the appraisal was performed by a real estate appraiser by the name of Jimmy Duncan. In fact, the property was worth only $100,000.

    4. At trial, Duncan testified that he had nothing to do with the creation of the fraudulent appraisal, that he had never seen it until it was brought to him in the course of this litigation, that he did not sign it, that he did not appraise the property, and that he had nothing to do with it whatsoever.

    5. In August of 1997, when these events occurred, Holsombeck and Hamilton were married or at least were still living together. That relationship finally came to an end in 1999.

    6. Terry Hamilton, or someone acting under his direction and control, forged Jimmy Duncan's name to the fraudulent appraisal report which was sent by wire to CMC.

    7. Both Hamilton and Holsombeck testified falsely at trial concerning the appraisal report.

    8. The appraisal was later sent by facsimile through the use of interstate wires by Holsombeck to CMC in January of 1998.

9. At the time Holsombeck sent the false appraisal to CMC, she knew that it was forged and fraudulent and she nonetheless sent it to CMC in the expectation that CMC would rely on the said appraisal.

10. CMC relied upon the appraisal in making its decision to forebear collection and enforcement activities against HMI.

11. Hamilton had full knowledge of HMI's sale to CMC of fifty-one consumer credit contracts secured by motor vehicles.

12. Armed with that knowledge, and subsequent to the sale, Hamilton nonetheless intentionally collected payments on those contracts due to CMC and converted the payments either to his use or to the use of Holsombeck.

13. Hamilton personally repossessed at least one motor vehicle for HMI, which vehicle was on a contract that HMI had previously sold to CMC.

14. Terry Hamilton knowingly conspired with Regina Holsombeck to defraud CMC of its payments due under the certificates of title previously sold by HMI to CMC.

II.

1. Along with Regina Holsombeck, Terry Hamilton engaged in a civil conspiracy against CMC and wrongfully converted CMC's property to their personal use.

2. As a proximate result of the tortious conduct of Terry Hamilton and Regina Holsombeck, CMC suffered damages in the amount of $509,649.84.

3. Terry Hamilton's fraudulent and wanton conduct justifies an award of

punitive damages in the amount of $250,000.

By separate order, Final Judgment will be entered.

DONE this 29th day of February, 2000.

*[signature]*
UNITED STATES DISTRICT JUDGE
U. W. CLEMON

4